**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1050
_____

HONG XUAN LIU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-033-816)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2012
Before:  RENDELL, FUENTES and WEIS, Circuit Judges

(Opinion filed: July 3, 2012)
_____

OPINION
_____

PER CURIAM.

Hong Liu, who proceeds pro se and in forma pauperis, requests review of the

denial of her second motion to reopen.  As she has not met the threshold requirement for

relief, her petition for review cannot succeed.

Because the parties, our primary audience, are familiar with the background of this case, our discussion of the facts will be brief. Upon entering the country in 1993, Liu was placed into exclusion proceedings under 8 U.S.C. § 1182(a)(7)(A)(i)(1). Her asylum application was unsuccessful, and Liu was ordered excluded in July of 1993. See Administrative Record (A.R.) 191, 225.

Liu has twice attempted to reopen the immigration proceedings. The first such attempt, in 2002, was based on China's one-child policy. A.R. 197, 215–19. The Immigration Judge (IJ) declined to grant relief. A.R. 187–89. The second attempt—the subject this petition—was "premised on her involvement and membership in a political organization called the Central Committee of China Democracy Party (CDP) in the United States," an organization "committed [to] promoting human rights and democratic reforms in China." A.R. 53. Once again, the IJ declined to reopen proceedings, based (inter alia) on Liu's failure to qualify for an exception to the time and number bars on successive motions to reopen. A.R. 46. The Board of Immigration Appeals (BIA) upheld the IJ's decision. Addressing at length the newly submitted material, it held that Liu had failed to demonstrate that conditions in China had changed since the 1993 proceedings. A.R. 2–3. The BIA also declined to "exercise [its] limited discretion to reopen *sua sponte*." A.R. 4.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). To successfully challenge the denial of a motion to reopen, an alien must show that the agency abused its discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). As motions to reopen

2

immigration proceedings are generally disfavored, see Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005), the alien bears the heavy burden of demonstrating that the agency's decision was arbitrary, irrational, or contrary to law. Contreras v. Att'y Gen., 665 F.3d 578, 583 (3d Cir. 2012). We lack jurisdiction to review the denial of sua sponte reopening unless the agency's decision was based on an incorrect legal premise. Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011).

An alien "may file *one* motion to reopen proceedings," which must be filed with the agency "*within 90 days* of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i) (emphasis added). These bars do not apply to motions "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). The issue of changed country conditions is a threshold requirement which, if not satisfied, prevents consideration of the merits of the alien's motion. See Shardar v. Att'y Gen., 503 F.3d 308, 312–13 (3d Cir. 2007).

Liu has not demonstrated that the BIA's decision was arbitrary, irrational, or contrary to law. She points to no case law contradicting the agency's determination that her joining of the CDP was a changed *personal* circumstance that did not suffice to meet the requirements for filing a second, untimely motion to reopen. See Bi Feng Liu v. Holder, 560 F.3d 485, 492 (6th Cir. 2009) ("Liu's remaining evidence, which depicted

3

his membership and participation in the CDP and its activities in the United States, demonstrated a change in Liu's personal circumstances but did not demonstrate changed country conditions in China. Without evidence of changed country conditions, however, Liu's evidence of changed personal circumstances is insufficient to warrant reopening proceedings."); Jin v. Mukasey, 538 F.3d 143, 147 (2d Cir. 2008) (approving of a BIA decision that distinguished "changed personal circumstances" from "changed country conditions"); see also Ying Liu v. Att'y Gen., 555 F.3d 145, 151 (3d Cir. 2009) (citing Jin with approval). We are satisfied that the BIA's analysis of the new evidence proffered by Liu led to a decision that was neither arbitrary nor irrational. Finally, that the BIA declined to explain why it denied sua sponte relief does not mean that it relied on an incorrect legal premise; accordingly, we lack jurisdiction to consider that portion of its decision.

For the foregoing reasons, Liu's petition for review will be denied.